HARBST V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-252-CR

MICHAEL PAUL HARBST APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In six points, Appellant Michael Paul Harbst appeals his conviction for the offense of capital murder.  We affirm.

II. Factual Background 

On the evening of September 20, 2002, Michael Harbst and Curtis Epperley attended a barbecue at a mobile home park in Kennedale.  During the barbecue, Harbst, who was very drunk, told two residents of the mobile home park that he was going to beat up and rob Epperley.  Later, Harbst, Epperley, and two other men left the party in order to buy more beer.  The three men returned to the trailer park without Epperley.  Before re-joining the party at the trailer park, the three men changed their clothes.  Harbst later asked a friend to dispose of some bloody clothing that was located in his trailer.  Over the next few days, Harbst told four different individuals that he had beaten, shot, and killed Epperley.  Epperley’s body was found about a mile from the trailer park on September 25, 2002.  Harbst was later arrested and charged with capital murder. 

III. Legal and Factual Sufficiency 

In his first four points, Harbst argues that the trial court erred in accepting the jury’s verdict of guilty of capital murder because the evidence is legally and factually insufficient to establish that the deceased died from injuries inflicted by him.  He also asserts that the evidence is legally and factually insufficient to establish that the murder occurred in the course of a robbery.

A. 
Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).
  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.
  The trier of fact is
 the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).
  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).
  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient: (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.
  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. 
Evidence Legally and Factually Sufficient

Harbst argues that other than the testimony of his conversations with the witnesses, there is no evidence that Harbst robbed Epperley or caused  Epperley’s death.  The State asserts that Harbst’s statements to the witnesses, in which he admitted that he shot and robbed Epperley, are corroborated by physical evidence. 

An extrajudicial confession alone is not sufficient to support a conviction; there must be independent evidence of the 
corpus delicti
.
(footnote: 2)  
Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1192 (1995).  In the capital murder context, an extrajudicial confession must be corroborated as to the murder and the underlying felony which elevated the murder to a capital offense.  
Gribble, 
808 S.W.2d at 70.
  In other words, the corpus delicti of both murder and the underlying felony must be shown by evidence independent of the confession.  
Emery
, 881 S.W.2d at 705.  The independent evidence need not connect the defendant to the crime, it need only show that a crime was committed.  
Gribble
, 808 S.W.2d at 71.  In addition, such evidence need not be sufficient by itself to prove the offense; it need only be “some evidence which renders the 
corpus delicti 
more probable than it would be without the evidence.”  
Id
. at 71-72.  

Here, the State presented four witnesses who testified that Harbst told them that he shot Epperley.  Two witnesses testified that during the barbecue, Harbst told them that he intended to rob Epperley because he needed money for his trailer.  Harbst also told another witness that after he killed Epperley, he took sixty dollars from Epperley’s pockets and split it with his co-defendants. Harbst himself was reported to have said “I can’t believe that happened all over $20.” 

Besides the testimony of those witnesses, the State offered independent evidence of the corpus delicti of the murder and the robbery.  The State  showed the identity of the body and that death was caused by a gunshot to the chest.  
See Dunn v. State
, 721 S.W.2d 325, 334 (Tex. Crim. App. 1986) (corpus delicti of murder shown in proving the identity of deceased and that death resulted from criminal act) 
abrogated on other grounds by Creager v. State
, 952 S.W.2d 852 (Tex. Crim. App. 1997).  The State further offered evidence that the gun used in the crime was the same type of gun purchased by a co-defendant from another resident of the trailer park, and that shell casings found at the scene of the murder were the same as casings known to be fired from that gun.  Additionally, a criminal investigator for the Kennedale Police Department established that Epperley had been paid on the day of the murder, that there was no money found on Epperley’s body, and that Epperley’s pockets were turned inside-out. 

We hold that this amounts to some evidence that establishes it is more probable than it would be without the evidence that Epperley died from injuries inflicted by Harbst during the course of a robbery.  
See id
.

Therefore, after viewing the evidence in the light most favorable to the verdict, we hold that a rationale trier of fact could have found beyond a reasonable doubt that Epperley died from injuries inflicted by Harbst when Harbst robbed him.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  Furthermore, viewing all the evidence in a neutral light, favoring neither party, we also conclude that the evidence  taken alone, is not too weak to support the finding of guilt beyond a reasonable doubt and
 
that the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
See Zuniga,
 144 S.W.3d at 481.  After reviewing the entire record, we conclude that the evidence is legally and factually sufficient to establish that Epperley died from injuries inflicted by Harbst when Harbst robbed him.  We overrule Harbst’s first four points.

IV. Jury Instructions and Verdict Form

In his fifth and sixth points, Harbst asserts that the trial court erred in submitting an application paragraph on aggravated assault without providing a verdict form for aggravated assault and by providing a verdict form for aggravated robbery without submitting an abstract charge on aggravated robbery.  The court’s charge to the jury provides application paragraphs instructing the jury on capital murder, the lesser included offense of murder, and the lesser included offense of aggravated assault causing serious bodily injury.  The verdict form provides a place for the jury to find the defendant guilty of the offenses of capital murder, murder, felony murder, and aggravated robbery.  The form also provides a space for a deadly weapon finding and a not guilty verdict.  Harbst argues that the clerical error which prevented the jury from rendering a verdict of guilty to aggravated assault or aggravated robbery has caused him serious, egregious harm. 

A trial court is required to submit a jury charge on a lesser included offense only if both prongs of a two prong test are satisfied.
  See Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  First, the lesser included offense must be included within the offense charged.  
See id
.  Secondly, some evidence in the record must establish that if the defendant is guilty, he is guilty only of the lesser offense.  
See id
.  

Harbst meets the first prong of the test because aggravated assault and aggravated robbery are each lesser included offenses of capital murder.  
Taylor v. State
, 7 S.W.3d 732, 738 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  However, Harbst cannot satisfy the second prong of the test because no evidence in the record supports a finding that if he was guilty, he was guilty only of a lesser included offense.  Here, there is evidence that Harbst and two other individuals were present when Epperley died from a gunshot wound.  The evidence at trial also established that Harbst told friends that he had shot and robbed Epperley.  On the basis of this testimony, Harbst would not be guilty of anything less than capital murder.  We hold that Harbst was not entitled to an instruction on the lesser included charges of aggravated assault and aggravated robbery.  Thus, any inconsistencies between the charge and the verdict forms are mere surplusage. 

V. 
Conclusion

Having overruled Harbst’s six points, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL A: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 27, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
The Texas Court of Criminal Appeals described corpus delicti as meaning “harm brought about by the criminal conduct of some person.”
  Gribble v. State
, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990) (plurality opinion), 
cert. denied
, 501 U.S. 1232 (1991).